The decree is affirmed and the appeal dismissed at the costs of the appellants.

# Appeal of Yeaton et al.

A. conveyed a portion of a lot of ground to B., covenanting in the deed that B. should "have the full right, liberty and privilege of placing windows in the east and north walls of the building to be erected thereon . . . . . and that for the purpose of securing light and air to said building," A. further covenanted not to erect any wall, building or obstruction on his remaining ground within fourteen feet of said building, "Provided however, that if at any time hereafter" B. should cease to use and occupy said building as a place of religious worship, "then the right of placing windows in the east wall thereof shall cease and determine and A. may thereupon close the same without interruption or hindrance on the part of B."

*Held,* that when the building ceased to be used as a place of public worship, while B's right to maintain the windows in the east wall terminated, his right to the windows in the north wall and to the fourteen feet of space north and east was unimpaired by said proviso.

January 18th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

APPEAL from the Court of Common Pleas No. 1 of *Philadelphia county :* In Equity : of July Term, 1883, No. 104.

This was an appeal by William N. Yeaton and Wharton E. Harris, trading as Yeaton & Harris, and Ellwood Thompson from a decree of the said court, enjoining them from the erection of a certain wall, as prayed for in a bill in equity, wherein they were defendants and the City of Philadelphia was plaintiff.

The bill alleged that the plaintiff was the owner of a certain property in the city of Philadelphia known as the Horace Binney School House ; that it had derived title thereto from the trustees of the Sixth Presbyterian Church, to whom the property had been conveyed by one Frederick Brown ; that the deed from Brown to said church trustees contained the following covenant :

"And it is expressly understood, conditioned, and agreed by and between the parties to these presents that the trustees of the Sixth Presbyterian Church in Philadelphia, their successors and assigns, shall have the full right, liberty, and

privilege of placing windows in the east and north wall of the building to be erected by them on the hereby granted lot of ground, the base of the windows in the east wall thereof to be at least six feet from the surface of the ground, and the base of the windows on the north wall thereof to be at least five feet from the surface of the ground. And that for the purpose of securing light and air to the said building to be erected as aforesaid, no wall, building, or obstruction whatever shall hereafter at any time be built, erected, or put by the said Frederick Brown, his heirs or assigns, on his said remaining ground within fourteen feet of the east line of the hereby granted lot, or to the northward thereof. Provided, nevertheless, that if, at any time hereafter the said building to be erected as aforesaid, shall cease to be occupied and used by the said the trustees of the Sixth Presbyterian Church in the city of Philadelphia, their successors or assigns, as a place of religious worship, then and in such case the right, liberty, and privilege of placing windows in the east wall thereof as aforesaid, shall cease and determine, and the said Frederick Brown, his heirs and assigns, may thereupon close the same without interruption, molestation, or hindrance, on the part of the said 'The Trustees of the Sixth Presbyterian Church in the City of Philadelphia,' their successors or assigns, anything hereinbefore contained to the contrary notwithstanding."

That at the time of said conveyance, Brown held title to the adjoining property, which through sundry conveyances passed under, and subject to the above covenant, to the defendants, Yeaton & Harris; that Yeaton & Harris, and their contractor, Ellwood Thompson, were proceeding to erect a wall distant only ten feet from the east wall of said school building. The bill prayed that the defendants be enjoined from building the said wall at a distance less than fourteen feet from the east line of plaintiff's property, and that they be directed to remove so much of the wall as has been already built.

The defendants in their answer substantially admitted the averments of the bill, but alleged that since the plaintiff had acquired title to its property, it had been used as a public school and had thus ceased to be "a place of religious worship." They contended, therefore, that they had the right to build said wall within fourteen feet of plaintiff's property.

The cause having been heard on bill, answer and proofs, the court (BIDDLE, J.), granted the relief prayed for, holding, in an opinion filed, that the only modification of the covenant by the proviso was that when the building ceased to be used as a "place of religious worship," the privilege of placing windows in the *east* wall should then determine; that the

right to the windows in the *north* wall or to the fourteen feet of space remained unaffected. A decree was, therefore, entered enjoining the defendants from the construction of the wall within fourteen feet of the east line of plaintiff's property, and directing them to remove the portions of the wall already built. The defendants thereupon took this appeal, assigning for error the entry of the above decree.

*John Bethell Uhle*, for the appellants.

*Charles B. McMichael* (with him *William Nelson West*), for the appellee.

The opinion of the court was filed January 28th, 1884.

PER CURIAM. This case arises under the covenant in a deed wherein the grantor declared it was expressly understood, conditioned and agreed that no wall, building, or obstruction whatever should thereafter be built, erected, or put by him, his heirs, or assigns on his adjoining grounds within fourteen feet of the east line of the lot thereby granted and conveyed. It is true it was stated that this was for the purpose of securing light and air to the building the grantees were about to erect on the lot, and if it ceased to be occupied and used as a place of public worship the right to maintain windows in the east wall thereof should cease and determine, and the vendor, his heirs, and assigns might close the same. There was, however, no covenant or agreement whereby the vendor reserved the right under any circumstances of putting any building or obstruction within the said fourteen feet of the east line of the building. It has ceased to be used as a place of public worship, and is occupied and used as a public school. The right to maintain the windows in the east wall thereof is terminated, but the right to insist that no building shall be erected on the adjoining fourteen feet remains unimpaired. Its value does not consist in furnishing light and air alone. Fourteen feet of adjoining ground unoccupied by any structure furnishes considerable security against fire to the school building of the appellee, and will very much lessen the disturbing sound of machinery that may be operated in the building of the appellants, to the annoyance of teachers and scholars.

We discover no error in the conclusion at which the learned judge arrived.

> Decree affirmed and appeal dismissed at the costs of the appellants.